IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **SCOTT STRAIT** § | |
| § | |
| **Plaintiff** § | |
| § | |
| vs. § | CIVIL ACTION NO. 4:17-cv-00295 |
| § | |
| **STATE AUTO PROPERTY AND** § | |
| **CASUALTY INSURANCE COMPANY** § | |
| **AND PAUL MOINOT** § | |
| § | |
| **Defendants** § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §§1441(a), 1446 and 1332(a), State Auto Property and Casualty Insurance Company (hereinafter "State Auto"), submits this Notice of Removal, based on diversity jurisdiction, to the United States District Court for the Southern District of Texas, Houston Division, of the action styled *Scott Strait vs. State Auto Property and Casualty Insurance Company and Paul Moinot*, and in support thereof, would respectfully show this Court as follows:

### I.  Introduction

1.1   Plaintiff is Scott Strait (hereinafter "Plaintiff"); Defendant is State Auto Property and Casualty Insurance Company (hereinafter "State Auto").

1.2    Plaintiff is the owner of property located at 1135 Pennbury Drive, Houston, Texas 77094.  Plaintiff filed a claim for wind damage to said property. After asking State Auto to cover the cost of repairs, Plaintiff alleges that State Auto failed to pay policy proceeds allegedly owed pursuant to the terms of the policy.

1.3     On or about December 22, 2016, Plaintiff sued Defendant in a suit styled *Scott Strait vs. State Auto Property and Casualty Insurance Company and Paul Moinot,* Cause Number 2016-87670, in the 125th Judicial District Court of Harris County, Texas and alleged, through various causes of action, that State Auto breached its contract of insurance with Plaintiff, violated various provisions of the Texas Insurance Code, violated the Texas Deceptive Trade Practices Act, committed common law bad faith, engaged in unfair insurance practices, and committed said violations of the insurance code knowingly.

1.4     Plaintiff contends that Moinot violated the Texas Insurance Code Chapter 541 and the Texas Deceptive Trade Practices only.

1.5     On or about January 30, 2017, Defendant State Auto filed an Original Answer, Special Denials, Affirmative Defenses, Special Exceptions, Request for Disclosure, Rule 193.7 Notice, and Jury Demand in response to Plaintiff's Original Petition.

1.6     Plaintiff's counsel has made a practice of joining adjusters who are Texas residents, and this adjuster in particular, as defendants for the sole purpose of defeating diversity, as evidenced by a state court petition filed by the same counsel in a different matter, *Fritz Koppenberger vs. State Auto Property & Casualty Insurance Company and Paul Moinot*. A true and correct copy of Plaintiff's Original Petition, filed in the 400th Judicial District Court of Fort Bend County, Texas is attached hereto and fully incorporated by reference herein for all purposes as Exhibit 1. The Court will note that the *Koppenberger* petition is nearly identical to the subject petition. In *Koppenberger*, counsel informed the undersigned that Plaintiff had no intention to serve Paul Moinot and to effectively consider him nonsuited without prejudice. A true and correct copy of the email correspondence is attached hereto as Exhibit 2.

1.7    Defendant State Auto files this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b)(3) and within one year of commencement of the action.

## II.  Basis for Removal

2.1    Removal is proper because there is complete diversity between the current parties to the suit.  28 U.S.C. §1332(a); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899-900 (9th Cir. 2006). Plaintiff is a citizen and resident of the State of Texas.  Defendant State Auto Property and Casualty Insurance Company is a citizen of Ohio, with its place of incorporation and principal place of business in Ohio.  Defendant Moinot, though a citizen of Texas, was improperly joined, as demonstrated herein.

2.2    Based upon the claims asserted by Plaintiff and Plaintiff's Original Petition filed in the underlying suit, it is believed, and Plaintiff has claimed an amount that exceeds $75,000.00, excluding interest, and costs.  28 U.S.C. §1332(a); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006).  Plaintiff's Petition expressly states that Plaintiff seeks monetary relief over $100,000.00, but not more than $200,000.00.

2.3    All pleadings, process, orders, and other filings in the State Court action are attached to this notice as Exhibit 3 for all purposes herein as required by 28 U.S.C. §1446(a).

2.4    Venue is proper in this district under 28 U.S.C. §1441(a) because the State Court where the action has been pending is located in this district.

2.5    Defendant State Auto will promptly file a copy of this Notice of Removal with the clerk of the State Court where the action has been pending.

## III. Defendant Moinot was Improperly Joined to Defeat Diversity

3.1    The test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the Plaintiff against an in-state Defendant or whether there is no

reasonable basis for predicting that the Plaintiff might be able to recover against an in-state Defendant. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004). However, whether a Plaintiff has stated a valid cause of action depends upon and is directly connected to the facts alleged by Plaintiff and the pleaded theory of recovery. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5ht Cir. 1999). The *Griggs* Court required that the petition state specific "*facts warranting liability*" in order to defeat removal. *Id. (emphasis added).*

3.2     The facts alleged in Plaintiff's petition relating to Defendant Moinot do not form the basis of an independent cause of action against him when compared to causes of action available to Plaintiff against State Auto. Plaintiff filed suit against Moinot for essentially the same conduct that he seeks to recover from State Auto—it allegedly undervalued Plaintiff's damages.

3.3     Even though an adjuster is a "person" as defined by the Texas Insurance Code, an adjuster cannot be held liable for a violation of the Insurance Code unless he causes an injury distinguishable from the insured's actions. *Nasti v. State Farm Lloyds, US. Dist. LEXIS 22059 at *3 (S.D. Tex. 2014); Aguilar v. State Farm Lloyds*, U.S. Dist. LEXIS 130384 at *4-*5 (N.D. Tex. 2015); *Novelli v. Allstate Texas Lloyd's*, U.S. Dist. LEXIS 37418 at *4-*5 (S.D. Tex. 2012) Adjusters like Moinot will not be held individually liable for the company's decision to pay or deny a claim. *See Ardila v. State Farm Lloyds*, 2001 WL 34109378 (S.D. Tex. 2001) (citing *Coffman v. Scot Wetzel Services, Inc.*, 908 S.W. 2d 516 (Tex. App.—Fort Worth 1995, no writ) for the proposition that adjusters do not have liability under the DTPA for lack of good faith in processing insurance claims)).

3.4     Furthermore, Plaintiff's allegation against Moinot for "insufficient investigation and undervaluing the claim, incorporated into a report to [the company], is insufficient to establish the possibility of a claim against him individually for violation of the Texas Insurance Code

§541.060(a), the DTPA. . . and common law fraud." *See Centro Cristiano Cosecha Final v. The Ohio Casualty Ins. Co.*, No. 4:10-CV-01846, Mem. Op. dated January 20, 2011, at 38.

3.5     The Fifth Circuit has held that "in the absence of evidence sufficient to sustain a finding that the employee" himself committed a violation of the Texas Insurance Code and that such violation was a cause of damage or legally recognized harm to the Plaintiff, "there is no reasonable possibility that Texas would allow recovery . . . against an insurance company employee, who in the course and scope of his employment engages in the business of insurance." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004).  Various Federal Courts throughout the state, including in this District, have come to the same conclusion.  *See Aguilar v. State Farm Lloyds*, 2015 LEXIS 130384 at *7 (N.D. Tex. 2015); *Messersmith v. Nationwide Mutual Fire Ins. Co.*, 10 F. Supp.3d 721, 725 (N.D. Tex. 2014); *see also Lakewood Chiropractic Clinic v. Travelers Lloyds Insurance Company*, 2009 WL 3602043 at *4 (S.D. Tex. 2009) (holding that conclusory allegations regarding "some involvement" were insufficient); *Ford v. Property & Casualty Insurance Company of Hartford*, 2009 WL 4825222 (S.D. 2009) (pleading that individual Defendant was an adjuster assigned to investigate was insufficient);.

3.6     Moreover, post-loss statements regarding coverage are not misrepresentations under the Insurance Code.  *Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 445-46 (Tex. 2012); *One Way Investments, Inc. v. Centruy Surety Co., U.S. Dist. LEXIS 171357 (N.D. Tex. 2014); see also Provident Am. Ins. Co. v. Casteneda*, 988 S.W.2d 189, 200, n. 55 (Tex. 1990), *overruled on other grounds, Crown Life Ins. Co, v. Casteel*, 22 S.W.3d 378 (Tex. 2000); *Royal Globe Ins. Co. v. Bar Consultants, Inc.*, 577 S.W. 2d 688, 694-95 (Tex. 1979); *Allstate Indem. Co. v. Hyman*, 2006 WL 694014 at *8 (Tex. App.—Texarkana 2006, no pet.); *Avila v. Loya*, 2005 WL 1902120

at *5 (Tex. App.—Amarillo 2005, no pet.); *Gulf States Underwriters of La., Inc. v. Wilson*, 753 S.W.2d 422, 430 (Tex. App.—Beaumont 1988, writ denied).

3.7 **The factual allegations in Plaintiff's petition are insufficient to support a cause of action against Moinot.** Plaintiff alleges in his petition only the following regarding Mr. Moinot:

> … Moinot as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed. For example, … Moinot wrongfully and incorrectly concluded storm damaged shingles on the dwelling roof were damaged prior to the storm and/or were mechanically damaged, and only provided for minimum repair to the garage roof despite extensive and evidence damage.
> \*\*\*
> Moinot performed an outcome-oriented investigation…

Ex. D to Ex. 3, Pltf.'s Original Pet. at 3 ¶¶ 11 & 13. Furthermore, Plaintiff alleges that "Moinot's unreasonable investigation led to the underpayment of Plaintiff's claim." *Id*. ¶ 12.

3.8 No where in the Petition does Plaintiff illustrate, allude, or reference any action, involvement, statement, alleged misrepresentations, or activity that would give rise to an independent cause of action against Moinot. In fact, the factual allegations against Moinot included in the Petition are the precise claims that courts have held do not give rise to an independent cause of action, and do not defeat diversity jurisdiction. *See supra* ¶¶ 3.2-3.6.

## IV. Jury Demand

4.1 Plaintiff did demand a jury in the State Court action.

There is complete diversity between the current parties to the suit, Defendant Moinot was improperly joined, and the amount in controversy exceeds $75,000.00, Defendant State Auto Property and Casualty Insurance Company requests that the Court remove this action from the

125th Judicial District Court of Harris County, Texas to the to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted this 31st day of January, 2017.

/s/Charles B. Mitchell, Jr.
**CHARLES B. MITCHELL, JR.**
State Bar No. 14207000
Federal ID No.: 16627
**LINDSAY P. DANIEL**
State Bar No. 24082894
Naman, Howell, Smith & Lee, PLLC
405 Fort Worth Club Building
306 West 7th Street
Fort Worth, Texas 76102-4911
Telephone: 817.509-2040
Facsimile: 817.509-2060
E-mail: charles.mitchell@namanhowell.com
E-mail: ldaniel@namanhowell.com

**ATTORNEYS FOR DEFENDANT STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing was served upon counsel of record for Plaintiff, in accordance with Federal Rules of Civil Procedure, on the 31st day of January, 2017.

*Via CMRRR*
Richard Daly
Sheldon P. Wayne
Daly and Black, P.C.
2211 Norfolk Street, Suite 800
Houston, TX 77098

/s/ Charles B. Mitchell, Jr.
**CHARLES B. MITCHELL, JR.**